IN THE SUPERIOR COURT



**FILED**
April 13, 2021
SX-2020-CV-00016
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

.....RELL JACKSON,

PLAINTIFF,

v.

JAHNELLA HARVEY,

DEFENDANT.

SX-20-CV-00016

**ACTION FOR PARTITION, ACTION FOR FRAUD, ACTION FOR REVOCATION AND ACTION FOR DAMAGES**

Jury Trial Demanded

Cite as: 2021 VI Super 39U

**Appearances:**

**Lee J. Rohn, Esq.**
1108 King Street, Suite 3
56 King Street, Third Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820
*For Plaintiff*

**H.A. Curt Otto, Esq.**
1138 King Street, Suite 107
Christiansted, St. Croix
U.S. Virgin Islands 00820
*For Defendant*

## MEMORANDUM OPINION

¶ WILLOCKS, Presiding Judge

¶1    THIS MATTER is before the Court on Darrell Jackson's (hereinafter "Plaintiff") Motion to supplement Jahnella Harvey's (hereinafter "Defendant") discovery responses filed on March 5, 2021.

### I.    Discussion

#### i.    Meet and Confer Requirement—V.I. R. Civ. P. 37-1

¶2    If a party served fails to make all necessary disclosures as required by V.I. R. Civ. P. 33, the party requesting disclosure may move to compel discovery under V.I. R. Civ. P. 37(a)(1).[1] The Motion

---

[1] *Cruz v. Virgin Islands Water & Power Auth.*, 2020 V.I. LEXIS 45 (Super. Ct. 2020).

must satisfy certain requirements.[2] Specifically, the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." V.I. R. Civ. P. 37(a)(1).[3] The certification must demonstrate in writing that, prior to filing, counsel for the parties attempted to meet and "confer in good faith effort to eliminate the necessity for the motion to eliminate as many of the disputes as possible." V.I.R. Civ. P. 37-1(a).[4]

¶3      Plaintiff attached a Certification Pursuant to V.I.R. Civ. P. 37-1. Plaintiff wrote to Defendant with information about discovery responses that were overdue. *See* Exhibit 2. In addition, Plaintiff attached another Exhibit demonstrating the discovery responses were deficient. *See* Exhibit 3. Lastly, Plaintiff filed another attachment demonstrating a follow-up request for supplemental discovery responses. *See* Exhibit 4. The Court finds that Plaintiff has sufficiently met the meet and confer requirement.

### ii.  Motion to Compel

¶4      "For discovery to progress effectively, each party must provide truthful, complete, candid, and explicit responses to each individual discovery request."[5] Regarding interrogatories, the responding party must answer each interrogatory "separately and fully in writing," unless the responding party demonstrates that he cannot do so "with the exercise of reasonable efforts."[6] *See* V.I. R. Civ. P. 33 advisory committee's note to subpart (b).[7] Only when the responding party has made this representation can he state that the answer to an interrogatory may be determined by examining other documents.[8] *See* V.I. R. Civ. P. 33 advisory committee's note to subpart (d). Otherwise answering an

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* (citing *Donastorg.* 2019 V.I. LEXIS 66 at 10. 2019 VI SUPER 66U. ¶ 18 at 3).
[6] *Id.*
[7] *Id.*
[8] *Id.*

interrogatory by merely "referring to pleadings or other discovery is insufficient." 96 A.L.R. 2D 598

(1964) (collecting cases).[9]

¶5    Plaintiff moves this Court to compel Defendant to supplement responses to Interrogatories Nos.

3, 5, 7, 16, 23, 24 and supplement Demand for Production Nos. 2, 3, 6, 7, 8, 9, 10 and 11. The Court

will address each one below.

**Interrogatory No.3:**

> **Interrogatory No. 3:** Please identify the names and addresses of all banks or other financial institutions where you have held any joint accounts with Plaintiff, and for each account, identify the account number, the type of account held, all account holders, the dates that each account was opened and closed, if applicable, and the reasons for the same.
>
> **Response to Interrogatory No. 3:**
> Banco Popular
> 3009 Orange Grove Shopping Center
> Christiansted, Virgin Islands 00822
> Acct #: 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
> Acct Type: Checking Account
> Acct Holders: Darrell Jackson and Jahnella Harvey
> Opened: Banco Popular is the custodian of files.

**Interrogatory No. 7:**

> **Interrogatory No. 7:** Please provide an itemized listing of all contributions you made towards the purchase of the subject property and/or the construction of the house on the property, including the date, description, and amount of any such contributions.
>
> **Response to Interrogatory No. 7:** On December 18, 2008, I withdrew $3,000.00 and took $2,000.00 cash I had saved at home for a total of $5,000.00 toward the purchase of the subject property. Please see receipts for payments towards the construction of the house for dates, descriptions, and amounts paid, bearing bates-stamped Nos. JH-000091-JH000364 produced with Initial Disclosures, and the documents bates-stamped JH-000706-000713, submitted with defendant's Response to Plaintiff's First Demand for Production of Documents served simultaneously herewith.

¶6    Pursuant to the Rules of Civil Procedure, "an interrogatory may relate to any matter that may

be inquired into under Rule 26(b) [generally, that it is relevant and discoverable]." V.I.R. Civ. P.

---

[9] *Id.*

33(a)(2). Each interrogatory must be answered fully and any grounds for objection must be stated or it may be waived. V.I.R. Civ. P. 33(b)(3)-(4). Here, in regard to No. 3, the Court agrees with Plaintiff that there was a failure to answer when the bank accounts were closed. Therefore, the Court will **GRANT** supplementation as to that statement for No. 3. However, the Court will **DENY** supplementation for No. 7 because the Court finds that it was a sufficient answer as to what was asked.

<u>Interrogatory No. 16:</u>

**Interrogatory No. 16:** Please provide a chronology of all repairs and/or improvements you made to the subject property, including the dates of the repairs/improvements, the identities of the persons who performed the repairs/improvements, and the cost of each repair/improvement to the property.

**Response to Interrogatory No. 16:** Objection, the Plaintiff's request is broad and overburdensome. Receipts have been provided with dates, work description, and who performed the same. I did pay for tiling, painting, closets, doors, and installation of vanities, materials, down payment for cabinet, equipment rental, and plastering, and more. Please see documents submitted with Initial Disclosures, bates-stamped JH-000091 through JH-000364, and bates-stamped documents JH-000706 through JH-000713, attached hereto.

<u>Interrogatory No. 23:</u>

**Interrogatory No.23:** Please identify any self-employed business you have ever engaged in, or planned to engage in, by date, amount of time spent in such business or planning for such business, length of time the business was open, any income received from the same, and what costs were put into the same.

**Response to Interrogatory No. 23:** I have always had plans to open my own daycare/preschool.

¶7     Plaintiff is correct in stating that Rule 33(b)(2) establishes that "the responding party must state its answers and any objections within 30 days after being served with the interrogatories." Defendant filed a Notice to the Court on February 10, 2021 that Responses were filed to Plaintiff's First Demand for Interrogatories and Plaintiff's First Demand for Production of documents.[10] The Court agrees that

---

[10] The Record shows that Plaintiff filed Plaintiff's First Set of Interrogatories and First Demand for Production of Documents to Defendant on December 11, 2020. In the future, when counsel represents that one party has filed out of time pursuant to Rule 33(b)(2) counsel should also reference the dates in their Motion.

this was out of time, thus, waiving any objection. Moreover, Plaintiff also takes issue with Interrogatory No. 16 because of the reference to other documents in their answer. This Court has held when a response is blatantly insufficient it will be ordered to be supplemented. *See Kralik v. Osage STX Holdings, LLC,* 2020 VI SUPER 69 (Super. Ct. 2020) (holding responses were blatantly insufficient)). However, that is not the case with regards to Interrogatory No. 16. The answer sufficiently points to receipts with dates, identities of who made them and the cost, and this is what Plaintiff is asking for. Thus, the Court will **DENY** supplementation on No. 16.

¶8    Interrogatory No. 23, however, is clearly insufficient and the Court will **ORDER** supplementation as to Interrogatory No. 23.

**Interrogatory No. 24:**

> **Interrogatory No. 24:** Please state the name of the obstetrician for your pregnancy in 2019 and name of any counselors that you have seen in the last two (2) years.
>
> **Response to Interrogatory No. 24:** Objection, relevance.

¶9    The Court, having already found that Defendant waived any objections, will require supplementation to Interrogatory No. 24 and will **ORDER** supplementation as to Interrogatory No. 24.

**Demand for Production No. 2:**

> **Demand for Production No. 2:** Please produce your tax returns for the past ten (10) years.
>
> **Response to Demand for Production No. 2:** Please see tax returns for the calendar years 2010-2016, provided with Rule 26 Initial Disclosures (bates-stamped JH-000647 through JH-000670). Tax returns for the years 2017 through 2019 will be produced upon receipt.

**Demand for Production No. 3:**

> **Demand for Production No. 3:** Please produce your payroll check stubs, W-4's and 1099's for the past ten (10) years.

**Response to Demand for Production No. 3:** Objection, overbroad and overburdensome, not in Defendant's possession. Without waiving the objection, See Response to Demand for Production No. 2 above.

¶10    Rule 34(a)(1) provides that a party may serve on any other party a request within the scope of Rule 26(b): "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control. ..." *Donastorg v. Walker*, 2019 VI SUPER 96U (Super. Ct. 2019). Moreover, Rule 34(b)(2)(B) provides that in responding to each request for production, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request." The Court, having already found that Defendant has waived any objections, agrees with Plaintiff. For the years of 2017-2019 there are tax returns missing on Demand for Production No. 2, thus, the Court will **ORDER** Demand for Production No. 2 be supplemented.

¶11    In regard to Demand for Production No. 3., however, the Plaintiff is asking for payroll check stubs, W-4's and 1099's for the past ten (10) years. Plaintiff addresses this Demand for Production because Plaintiff states that it is necessary to the discoverability of Defendant's ability to pay on the house. In any regard, the Court is hesitant in ordering supplementation dating back ten (10) years ago when the Complaint alleges that it was: "in or about August 2014 Defendant represented to Plaintiff that she would maintain the property and the house and complete construction of the house." (*See* Complaint ¶7).

¶12    Ten years ago, would be the beginning of 2011, and the Court does not find the discoverability in the year 2011 relevant to the time period that Plaintiff alleges is necessary for this information. In *Sheesley v. Griffith*, the Court ruled that in the absence of a demonstrated need for the specific information sought a request can be overbroad and unduly burdensome. *Sheesley v. Griffith*, 2018 V.I. LEXIS 42 (Super. Ct. 2018). The Court finds that ten (10) years is a burden for the specific years that Plaintiff is trying to discovery Defendant's ability to pay on the house. The Court will only **ORDER**

the Defendant supplement the documents in good faith, to the extent that the payroll check stubs, W-4's and 1099's can be reasonably located, from the year 2014 to the present.

**Demand for Production No. 6:**

> **Demand for Production No. 6:** Please produce any documents evidencing the source of any funds paid toward the house in the last ten (10) years.
>
> **Response to Demand for Production No. 6:** Tax refund and salary—See Response to Demand for Production No. 2, above. Financial Aid Disbursement—See Response to Demand for Production No. 5 above. Credit card line of credit—Custodial of files are Scotia Bank, Home Depot, and American Express SBA Disaster Loan—See Response to Demand for Production No. 5 above. Savings—See bates-stamped documents JH-000706 through JH-000711, attached hereto.

**Demand for Production No. 7:**

> **Demand for Production No. 7:** Please produce copies of all documents and communications evidencing or concerning all consideration received by Plaintiff for your interest in the subject property.
>
> **Response to Demand for Production No. 7:**
> 1. Durable Power of Attorney and Designation of Guardian-bates-stamped documents JH-000005 through JH-000009, provided with Rule 26 Disclosures.
> 2. Last Will and Testament of Darrel David Jackson a/k/a Kefee bates-stamped JH-000015 through JH-000020, provided with Rule 26 Disclosures.
> 3. Quitclaim Deed – Darrel Jackson to Darrel Jackson and Jahnella Harvey, bates-stamped JH-000022 through JH-000023, provided with Rule 26 Disclosures.
> 4. Quitclaim Deed – Darrel Jackson and Jahnella Harvey to Jahnella Harvey, bates-stamped JH-000023-A though JH-000023-D, provided with Rule 26 Disclosures.
> 5. Text Messages – See bates-stamped documents JH-000422 though JH-0000623, provided with Rule 26 Disclosures.
> 6. Sharing a Daughter.

¶13    The Court finds Demand for Production No.6 now **MOOT** because the Court has ordered the missing tax returns for the year 2017-2019 be supplemented and has also ordered that Defendant, in good faith, reasonably supplement the Plaintiff's request for payroll check stubs, W-4's and 1099's. In addition, Plaintiff should have attached the Demand for Production No. 5 that Defendant points to in their response if they wanted the Court to adequately understand the argument made.

¶14    In regard to Demand for Production No. 7, the Court, while reading the demand on its face, is not actually understanding what Plaintiff has asked. Plaintiff argues that this was not answered properly by asserting that these documents listed were not responsive to this demand. Apparently, Defendant should have produced documents evidencing an interest in the land and then the house. How Defendant is supposed to know what Plaintiff is asking based on their Demand is what has the Court confused. Again, in the absence of a demonstrated need for the specific information sought, a request can be overbroad and unduly burdensome. *Sheesley*, 2018 V.I. LEXIS 42 (Super. Ct. 2018). If anything, the Court will not order a demand for production response be supplemented if it is unclear what Plaintiff was requesting. The Court will not do the work of either counsel. When a Demand for Production simply is not specific, the Court cannot do anything but **DENY** supplementation for Demand for Production No.7.

## Demand for Production No. 8:

**Demand for Production No. 8:** Please produce copies of all statements and other records for all joint accounts you have shared with Plaintiff at any bank or other financial institution within the last fifteen (15) years.

**Response to Demand for Production No. 8:** Joint Account – see bates-stamped document JH-000714, attached hereto.

## Demand for Production No. 9:

**Demand for Production No. 9:** Please provide an executed copy of the medical authorization attached hereto.

**Response to Demand for Production No. 9**: Objection, relevance.

¶15    Apparently, Defendant has failed to produce and provide all bank records from the joint account. If that is true as Plaintiff asserts, then the Court will **ORDER** this Response be supplemented in good faith and reasonably. If that is not the case, the Defendant should respond to counsel and to this Court that everything has been provided for.

¶16    Again, the Court has already found that Defendant has waived any objections. Thus, the Court

will **ORDER** Response to Demand for Production No. 9 be supplemented.

### Demand for Production No. 10:

> **Demand for Production No. 10**: Please provide executed copies of the tax authorization forms
> attached hereto.

> **Response to Demand for Production No. 10**: Objection, overbroad and overburdensome.
> Without waiving this objection, please see Response to Demand for Production No. 2, above,
> for filed tax returns.

¶17    Again, the Court has found that Defendant has waived any objections. Moreover, the Court is

wondering why it is the Plaintiff is asking for executed copies of tax authorization forms when

Defendant provided the tax returns and will be supplementing them for the years that were not

provided. Although the Court is of the theory that anything that is clearly lacking needs to be

supplemented, the Court does not find this necessary when Demand for Production No. 2 is being

supplemented already. Thus, the Court finds this **MOOT**.

### Demand for Production No. 11:

> **Demand for Production No. 11**: Please provide an executed copy of the employment
> authorization attached hereto.

> **Response to Demand for Production No. 11**: Objection, not relevant.

¶18    Again, the Court has found that Defendant waived any objections. The Court finds, similarly

to what was stated above, that is not necessary after the Court has ordered supplementation on Demand

for Production No. 11. Thus, the Court finds this **MOOT**.

It is hereby:

DONE and so ORDERED this ____13ᵗʰ____ day of April, 2021.

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
**TAMARA CHARLES**
**CLERK OF THE COURT**

**COURT CLERK** II 04/13/2021

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **DARRELL JACKSON,** | | |
| | **PLAINTIFF,** | **SX-20-CV-00016** |
| v. | | **ACTION FOR PARTITION, ACTION FOR FRAUD, ACTION FOR REVOCATION AND ACTION FOR DAMAGES** |
| **JAHNELLA HARVEY,** | | Jury Trial Demanded |
| | **DEFENDANT.** | Cite as: 2021 VI Super 39U |

**ORDER**

**ORDERED** Interrogatory **No. 3** shall be supplemented; it is further

**ORDERED** Interrogatory **No. 23** shall be supplemented; it is further

**ORDERED** Interrogatory **No. 24** shall be supplemented; it is further

**ORDERED** Demand for Production **No. 2** shall be supplemented; it is further

**ORDERED** Demand for Production **No. 3** shall be supplemented in good faith, to the extent that the payroll check stubs, W-4's and 1099's can be reasonably located, from the year 2014 to the present.

**ORDERED** Demand for Production **No. 8** shall be supplemented; it is further

**ORDERED** Demand for Production **No. 9** shall be supplemented.

DONE and so ORDERED this \_\_\_13th\_\_\_ day of April, 2021.

**ATTEST:**
**TAMARA CHARLES**
**CLERK OF THE COURT**

_____
**COURT CLERK** II 04/13/2021

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**